IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ASADI SHAMSID-DEEN aka LEON GOODSON,<br>            Plaintiff,<br>vs.<br><br>THE STATE OF TEXAS, et. al,<br>            Defendants. | )<br>)<br>)<br>) No. 3:13-CV-3414-L-BH<br>)<br>)<br>) Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this *pro se* case has been automatically referred for judicial screening or pretrial management. Based on the relevant filings and applicable law, the case should be dismissed for failure to prosecute or follow court orders.

**I. BACKGROUND**

On August 23, 2013, the plaintiff filed this action against the defendants. (*See* doc. 2.) On August 27, 2013, the Court issued a *Notice of Deficiency and Order* notifying him that he had not either paid the $400 filing fee nor submitted a motion to proceed *in forma pauperis* (IFP). (*See* doc. 5.)[1] He was ordered to either pay the fee or file an IFP motion within 30 days. *Id.* The plaintiff filed an amended complaint and an IFP motion on September 16, 2013, and the motion was granted on September 23, 2013. (*See* docs. 7,8.) The Court then sent him a questionnaire on December 16, 2013, in order to obtain more information about his claims. (*See* doc. 9.) It ordered him to provide his responses within 14 days and specifically advised that failure to do so could result in dismissal of the case. *Id.* More than 14 days from the date of questionnaire have passed, but the plaintiff has not submitted his answers to the questionnaire. Nor has he filed anything else in this case.

---

[1] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to file his answers to the Court's questionnaire. He has not filed anything else or otherwise shown that he intends to proceed with this case in federal court, so it should be dismissed.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files his answers to the Court's questionnaire within the time for objection to this recommendation, or some other time set by the Court.

**SIGNED this 13th day of January, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE