**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ASADI SHAMSID-DEEN aka LEON GOODSON, <br>　　　　Plaintiff, <br>vs. <br><br>THE STATE OF TEXAS, et. al, <br>　　　　Defendants. | ) <br> ) <br> ) <br> ) No. 3:13-CV-3414-L-BH <br> ) <br> ) <br> ) Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the plaintiff's claims against the State of Texas and his constitutional claims should be dismissed as frivolous, any claims on behalf of his family or estate should be dismissed without prejudice, and the Court should decline to exercise supplemental jurisdiction over his state law claims.

**I. BACKGROUND**

On August 23, 2013, Asadi Shamsid-Deen (Plaintiff) filed a complaint, purportedly on behalf of himself, his family and the King Goodson Estate, against Exxon Mobil and the State of Texas. (*See* doc. 2.) He subsequently filed an amended complaint and was granted permission to proceed *in forma pauperis*. (*See* docs. 6-8). Plaintiff asserts that Exxon Mobil has violated agreements with the King Goodson Estate regarding the extraction of natural gas, and as a result, he and other family members are owed royalties. He also asserts that Exxon Mobil has violated his and his family's constitutional and civil rights. (Compl. at 3; Magistrate Judge's Questionnaire Answer ("MJQ Ans.") 4).[1] Plaintiff asserts that the State of Texas has engaged in "illegal restraint/labor trafficking," has collaborated with Exxon Mobil in violating agreements, and has refused to release

---

[1] Plaintiff's answers to the questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

documents to him.  (MJQ Ans. 3).  He further asserts that the State of Texas violated his family's constitutional rights through slavery, and that as a result, members of his family were at a disadvantage in entering into contracts with Exxon Mobil. (Compl. at 3-4). Plaintiff seeks monetary damages (MJQ Ans. 7).

## II.  PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(b).  That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III.  REPRESENTATION OF FAMILY ESTATE

Plaintiff purports to sue the defendants for monetary damages on behalf of his family and its estate, but he is not a licensed attorney.  (Amend. Compl. at 1, MJQ Ans. 1, 2).

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C.A. § 1654.  "[I]ndividuals who do not have a law license may

2

not represent other parties in federal court even on a next friend basis", however. *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).  Plaintiff may not bring this *pro se* case on behalf of his family or its estate. *See Chapman v. Baylor University Medical Center,* No. 3:12-CV-2117-D, 2012 WL 6866935, at *2 (N.D. Tex. Oct. 1, 2012), citing *City Bank v. Compass Bank,* No. EP-09-CV-96-KC, 2009 WL 4775104 (W.D. Tex. Dec. 10, 2009) and *Franklin v. Garden State Life Ins.*, 462 Fed. App'x 928 (11th Cir. Mar. 22, 2012).  To the extent that Plaintiff seeks to pursue claims on behalf of his family or the estate *pro se*, those claims should be dismissed without prejudice.

## IV.  PLAINTIFF'S PERSONAL CLAIMS

Plaintiff also asserts his own claims against the State of Texas and Exxon Mobil, alleging that he has been harmed because Exxon Mobil has violated agreements with a family member.  As a result, he claims, he has not received royalties owed him. (MJQ Ans. 2, 4).

**A.**     **State of Texas**

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).  Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76

(2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Based on Eleventh Amendment immunity, Plaintiff has not alleged a plausible claim against the State of Texas, and his claims against it should be dismissed.

**B.   Exxon Mobil**

Plaintiff asserts that Exxon Mobil has violated his constitutional and civil rights. (Compl. at 3). He also asserts that it breached contracts with one or more of his family members, and that this breach has resulted in him not receiving royalties owed to him. (MJQ Ans. 4).

**1.   Constitutional Claims**

To the extent that Plaintiff is attempting to raise claims against Exxon Mobil pursuant to 42 U.S.C. § 1983, section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

In some circumstances, a private party may be acting "under color of state law" and held liable under § 1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). Plaintiff does not allege that Exxon Mobil is a state actor within

the meaning of § 1983, however. He alleges only that it has violated breached earlier contracts with family members. Exxon Mobile is clearly a private company and not a state actor. Any claim against it under § 1983 should therefore be dismissed for failure to state a claim.

### 2. **State Law Claims**

Plaintiff also claims that Exxon Mobil breached contracts with one or more of Plaintiff's family members and that this breach has resulted in Plaintiff not receiving royalties owed to him. (MJQ Ans. 4). His breach of contract claims arise solely under state law.

Pursuant to § 1367(a), federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In essence, § 1367(a) grants courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. CIV.A.3:06-CV-879BH, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

When the Court dismisses the federal claims at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986).[2] Because

---

[2] Under § 1367(c), a court may decline to exercise supplemental jurisdiction over a state claim if:
    (1) the claim raises a novel or complex issue of state law,
    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    (3) the district court has dismissed all claims over which it has original jurisdiction, or
    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
28 U.S.C. § 1367(c).

Plaintiff's federal claims are subject to dismissal as frivolous, his state law claims should be dismissed without prejudice to pursuing them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

### III. RECOMMENDATION

Plaintiff's claims against the State of Texas and his constitutional claims should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b). Any claims he seeks to assert on behalf of his family or his family's estate should be dismissed without prejudice. The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and these claims should be dismissed without prejudice to him pursuing them in state court.

**SIGNED this 28th day of February, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE